**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TELMA GUADALUPE SANCHEZ, | No. 08-72206 |
| Petitioner, | |
| v. | Agency No. A098-722-718 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015**

Before:      LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Telma Guadalupe Sanchez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Tapia Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). We deny in part and grant in part the petition for review, and we remand.

In denying CAT relief, the BIA found Sanchez did not establish that Salvadoran public officials have awareness of the harm she fears and have breached their legal responsibility to prevent it. The record does not compel a contrary conclusion. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2013) (evidence of government ineffectiveness in combating violence did not compel finding of acquiescence to torture). Thus, we deny the petition as to Sanchez's CAT claim.

However, in denying Sanchez's asylum and withholding of removal claims, the agency found Sanchez failed to establish past persecution or a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Sanchez's asylum and withholding of removal claims to determine the

impact, if any, of these decisions.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).  In light of this remand, we do not reach Sanchez's remaining challenges to the agency's denial of her asylum and withholding of removal claims at this time.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**